Peck, J.
delivered the opinion of the Court.
On the trial of this cause the plaintiff produced and read in evidence to the jury, a grant from the State of North Carolina to himself, for three hundred and sixty-five acres, dated the 23d February, 1793; the locality and boundaries whereof are described as follow : Sumner County, on both sides of Jenning’s Creek; beginning on the east side of said creek at an ash and sugar tree, runs west crossing the said creek at eighty poles, in all 172 poles, to a sugar-tree; thence north crossing the main west fork of said creek in Thomas Patton’s line and with said line in all 340 poles to a stake. Thence east 172 poles, crossing the lick fork of said creek to a stake, thence south 340 poles to the beginning.
He also exhibited- in evidence a plat, of which the subjoined is a copy, and proved by John Wilson that John Payton had showed him a sugar tree and ash, his beginning corner. That the sugar-tree was marked west and south as a corner, that the ash had fallen down but had been marked also as a corner, and thinks from the marks found that it had been marked west and north; that the marks were very old, and running on the first course called, reached Jenning’s Creek at seventy-two poles ; that the line was marked but no sugar-tree was found at the termination of the distance, though there was a sugar-tree marked as a corner forty poles beyond the creek from the beginning, which was acknowledged to be M’Cauley’s corner. That to run the second line and fall in with Patton’s line, would require a variation of about nineteen degrees, and that the ’distance would end in s'aid line of Patton and would cross the main west fork of the creek; that the third line would cross the Pine Lick Fork, &c. as exhibited in the plat; and to run thence to the beginning would include the defendant.
The defendant introduced a grant from the State of Tennessee for twenty-five acres, which grant calls to adjoin Ellis’s six hundred and forty acres, but does not call to adjoin Payton; he also produced another grant *118 from tie State of Tennessee for six hundred and fifteen acres to himself, James Griffits, and Moses Smith, calling to lie on the main fork of Jen-ning’s Creek, below the big spring, and to adjoin Burns’s, but does not call to adjoin Payton ; but which grants have issued long posterior to the grant to Payton.
Evidence was then offered by which it appeared that Payton had showed another place higher up the creek near the place on the plat marked for the big spring. Some of the witnesses say they had been encouraged by Payton to purchase part of the land now claimed by the lessor of the plaintiff; saying, his land did not extend more than some few poles below the big spring. Other witnesses proved that he had made various and inconsistent statements about the place where his lower line run. If the lower line should
run near the spring marked in the plat, then the defendant would not be included in the bounds of Payton’s grant; but none of the witnesses showed or proved any other marked line answering to the calls of Payton’s grant.
Some testimony was offered to show that the line now set up by Payton was a line marked for a survey made in the name of M’Cauley, which run the same course across the creek with the call of Payton, but began on a sugar-tree on the opposite side of the creek from Payton’s sugar-tree and ash.
On these facts the jury found for the defendant. A new trial was moved for and refused by the Court. On the motion for a new trial, the plaintiff offered his affidavit showing that he had been surprised by the introduction of testimony attempting to establish his admissions of a line higher up, which would not interfere with the defendant’s.
But it is deemed unimportant to notice the affidavit; for the Court are of opinion, that the proof of the locality of this grant is irresistibly conclusive. Corner trees, answering the description in the grant, a line marked on the course called for; all ancient, and crossing the creek within a few poles of the distance; the second line not only crossing the Indian branch as called for, but falling in with Patton’s line, and the third call crossing the lick fork of Jenning’s Creek, are all concurring circumstances, tending the same way, which cannot leave a doubt upon the mind as to the place of beginning; and this becomes still stronger when it is considered that no other place is shown answering the description in the grant. The safest rule that can be adopted where it can be made to apply is, to take the grant and compare it with the calls, if there appears to be a fitness between that and the artificial and natural calls, found on the ground, it is certainly safer to rely upon such evidence than to rely upon loose .statements, by which the grant might be totally destz’oyed and lost.
Admissions are properly received as evidence in-questions of boundary, but they are received with some allowance, and. are not to be considered as *119 conclusive. Loose statements should weigh nothing, especially, where much time has elapsed from the making such statements.
It is said in this case, that the admission, of Payton was made to induce a purchase of the land in dispute. That is the evidence, but it does not appear that the purchase and sale spoken of in the conversation ever took place ; on the contrary, the defendant claims under a grant or grants from the State of Tennessee, issued on entries made since these supposed admissions; and this leads to the conclusion that the defendant, disregarding the calls in Payton’s grant, the locality of which could scarcely be mistaken from its very face, relied, when about to obtain his grant, upon what he might prove as admissions made by Payton, destructive of his rights.
The Court, therefore, are of opinion that the testimony establishing this grant preponderates so strongly in favor of the plaintiff that a new trial should have been granted; therefore, reverse this judgment and remand the cause for a new trial.
Original Note. — See Murphy’s North Carolina Reports; Cherry v. Slade’s Administrators, 94, where many of the cases are brought together on the subject of boundary.